# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JEFFERY COLEMAN,ELIZABETH COLEMAN,
CAITLIN COLEMAN, ppa JEFFERY COLEMAN,
and EMMA COLEMAN, ppa JEFFERY COLEMAN

Plaintiffs,

v.

THE RAYMOND CORPORATION,

Defendant.

Case No. _____

## NOTICE OF REMOVAL

Please take notice that Defendant, The Raymond Corporation ("Raymond"), by its undersigned counsel, hereby removes the above-captioned action from the Superior Court Department of the Trial Court for the Commonwealth of Massachusetts, County of Hampden, to the United States District Court for the District of Massachusetts.  Removal is warranted under 28 U.S.C. § 1441 because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441 and 1446.  In support of this Notice of Removal, Raymond states and alleges as follows:

1.      Plaintiffs, Jeffery Coleman, Elizabeth Coleman, Caitlin Coleman, and Emma Coleman (collectively "Plaintiffs"), commenced this action titled *Jeffery Coleman, et. al. v. The Raymond Corporation*, by filing a Complaint with the Superior Court Department of the Trial Court for the Commonwealth of Massachusetts, County of Hampden  *See* Complaint (Ex. 1).

2.      This action involves allegations regarding a product allegedly designed and manufactured by Raymond.  Plaintiff alleges causes of action sounding in negligence and breach of warranty and seeks monetary damages totaling "$176,000" along with interest and costs. Civil Action Cover Sheet (Ex. 2); Complaint, pp. 2-3.

3.    Pursuant to 28 U.S.C. § 1446(a), Raymond advises this Court that no process, pleadings, or orders have been served upon Raymond in the state court action as of the date of the filing of this Notice of Removal.

4.    As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Raymond has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this diversity action.

## I.    RAYMOND HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

5.    Raymond received notice of the Complaint via copy of a transmittal letter on February 10, 2014.  *See* Letter to Court (Ex. 3.)  Because this Notice is being filed within 30 days of Raymond receiving notice of the initial pleading, it is timely under 28 U.S.C. § 1446(b).

6.    Pursuant to 28 U.S.C. §§ 101 and 1441(a), the United States District Court for the District of Massachusetts is the appropriate court for filing a Notice of Removal from the Superior Court Department of the Trial Court for the Commonwealth of Massachusetts, County of Hampden, where Plaintiff filed this action.

7.    Pursuant to 28 U.S.C. § 1446(d), Raymond shall give Plaintiffs written notice of the filing of this Notice of Removal, and Raymond shall file with the Office of the Clerk for the Superior Court Department of the Trial Court for the Commonwealth of Massachusetts, County of Hampden, written notice of having filed this Notice of Removal and shall attach thereto a copy of this Notice of Removal.

## II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PUSUANT TO 28 U.S.C. §§ 1332 AND 1441

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A.     The Amount in Controversy Requirement is Satisfied

9.      A removing party's burden in demonstrating that the amount in controversy exceeds $75,000, and thereby establishing federal jurisdiction, is one of 'reasonably probability.'"   *Bates v. Life Care Centers of Am., Inc.*, CIV.A. 13-12245-KPN, 2013 WL 6732113, * 2 (D. Mass. 2013) (citing *Youtsey v. Aribank Manuf., Inc.*, 734 F.Supp.2d 230, 233 (D. Mass 2010)).   Plaintiffs' "general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court." *Spielman v, Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (citing *Dep't of Recreation & Sports v. World Boxing Ass'n*, 942 F.2d 84, 88 (1st Cir. 1991)).   Civil Action cover sheets may be considered in determining the amount in controversy.  *See, e.g., Salvail v. Relocation Advisors, Inc.,* C.A. No. 11–10500–RGS, 2011 WL 1883861, at *1 n. 1 (D. Mass. May 17, 2011).

10.      Upon information and belief, the matter in controversy exceeds $75,000 in value, exclusive of interest and costs.   In their Civil Action Cover Sheet, Plaintiffs list a total of $176,000.00 in alleged damages, not including future medical expenses and lost wages -- which they state are "undetermined."   (Ex. 2).   Plaintiffs also describe the following injuries: "left (hind) foot fracture; complex regional pain syndrome; gait derangement requiring use of assistive device for simple ambulation; 25% permanent lower extremity impairment; [and] . . . 10% whole person impairment . . . ."   (*Id.*)   As such, if Plaintiffs' allegations are accepted as true, their claims for damages satisfy the jurisdictional minimum.

**B.** **There Is Complete Diversity of Citizenship**

11.     There is complete diversity as between Plaintiffs and the only Defendant, Raymond.

12.     Based on the allegations of the Complaint, Raymond is informed and believes that Plaintiffs are citizens of Massachusetts, residing in the County of Hampden.  *See* Complaint at ¶¶ 1-4 (Ex. 1).

13.     Raymond is a corporation organized under the laws of the State of New York, with its principal place of business in New York and, therefore, is a citizen of New York for purposes of determining diversity of citizenship.  28 U.S.C. § 1332(c)(1).

14.     No admission of fact, law, or liability is intended by this Notice of Removal, and Raymond expressly reserves all defenses, affirmative defenses, and motions.

Based on the foregoing, Raymond respectfully removes this action from the Superior Court Department of the Trial Court for the Commonwealth of Massachusetts, County of Hampden, to this Court pursuant to 28 U.S.C. § 1441.

Dated:  March 4, 2014.

/s/ *Kevin D. McElaney*
Kevin D. McElaney, Esq./BBO#546460
John F. Brosnan, Esq./BBO#556678
O'MALLEY AND HARVEY, LLP
155 Federal Street, 12th Floor
Boston, MA  02110-1727
Phone: 617-357-5544
Fax: 617-204-3477
kdm@omalleyharvey.com
Attorneys for Defendant, The Raymond Corporation

4

# Exhibit 1

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

HAMPDEN, SS.                                    CIVIL ACTION NO.: _____

_____
                                                    )
JEFFERY COLEMAN,                                    )
ELIZABETH COLEMAN,                                  )
CAITLIN COLEMAN, ppa JEFFERY COLEMAN,               )          FEB 1 0 2014
and EMMA COLEMAN, ppa JEFFERY COLEMAN,              )
                                                    )
        Plaintiffs                                  )
                                                    )
v.                                                  )
                                                    )
                                                    )
THE RAYMOND CORPORATION,                            )
        Defendant                                   )
_____)

## COMPLAINT WITH JURY DEMAND

### PARTIES:

1. Plaintiff, Jeffery Coleman, is an individual residing at 35 Edgewood Avenue, Longmeadow, Hampden County, Massachusetts 01106.

2. Plaintiff, Elizabeth Coleman, is an individual residing at 35 Edgewood Avenue, Longmeadow, Hampden County, Massachusetts 01106, and at all times material hereto, is the spouse of the Plaintiff, Jeffery Coleman.

3. Plaintiff, Caitlin Coleman, ppa Jeffery Coleman, is an individual residing at 35 Edgewood Avenue, Longmeadow, Hampden County, Massachusetts 01106, and at all times material hereto, is the minor child of the Plaintiff, Jeffery Coleman.

4. Plaintiff, Emma Coleman, ppa Jeffery Coleman, is an individual residing at 35 Edgewood Avenue, Longmeadow, Hampden County, Massachusetts 01106, and at all times material hereto, is the minor child of the Plaintiff, Jeffery Coleman.

5. Defendant, The Raymond Corporation, is a domestic business corporation with a principal place of business located at 22 South Canal Street, P.O. 130, Greene, New York 13778-0130.

## FACTS:

6. At all times material hereto, Plaintiff, Jeffery Coleman, was in the course of his employment with C & S Wholesale in Hatfield, Hampshire County, Massachusetts, which owned a Raymond Corporation electric pallet jack – 2010 Model #: 8400-FRE80L, Serial #: 840-10-86778 (hereinafter "pallet jack").

7. Defendant, The Raymond Corporation, manufactured and/or distributed and/or sold the subject pallet jack.

8. On or about March 27, 2012, while in the course of his employment with C & S Wholesale, Plaintiff was operating the subject pallet jack, when the pallet jack malfunctioned and his left foot got crushed/pinned between the pallet and a platform, sustaining serious injuries.


## COUNT I:
## JEFFERY COLEMAN V. THE RAYMOND CORPORATION
### Negligence

9. Plaintiff repeats, realleges, and incorporates herein by reference the allegations contained in Paragraphs 1 through 8 of this Complaint.

10. The cause of Plaintiff, Jeffery Coleman's injury was the negligence of Defendant, The Raymond Corporation, in the manufacturing of the subject pallet jack, including but not limited to, a defective handle and steering mechanism on the pallet jack.

11. As a direct and proximate result of the negligence of Defendant, The Raymond Corporation, Plaintiff, Jeffery Coleman, sustained personal injuries, incurred expenses for medical care and treatment, lost wages/lost earning capacity, suffered loss of use of his body and endured pain and suffering, emotional distress and mental anguish.

**WHEREFORE,** Plaintiff, Jeffery Coleman, demands entry of judgment against Defendant, The Raymond Corporation, and monetary damages together with interest and costs.

## COUNT II:
## JEFFERY COLEMAN V. THE RAYMOND CORPORATION
### Breach of Warranty

12. Plaintiff repeats, realleges, and incorporates herein by reference the allegations contained in Paragraphs 1 through 11 of this Complaint.

13. Defendant, The Raymond Corporation, breached its express and implied warranties, including but not limited to, merchantability and fitness for a particular purpose.

20. Plaintiff, Emma Coleman, ppa Jeffery Coleman, lost the care, comfort, society and support of her father, Jeffery Coleman, as a direct and proximate result of the negligence of the Defendant, The Raymond Corporation.

**WHEREFORE**, Plaintiff, Emma Coleman, ppa Jeffery Coleman, demands entry of judgment against Defendant, The Raymond Corporation, and monetary damages together with interest and costs.

Plaintiffs hereby request a trial by jury on all issues of fact.

Plaintiffs,
JEFFERY COLEMAN,
ELIZABETH COLEMAN,
CAITLIN COLEMAN, ppa JEFFERY COLEMAN,
and EMMA COLEMAN, ppa JEFFERY COLEMAN,
By counsel,

Thomas M. Libbos, Esquire/BBO #: 299080
(tom@libboslaw.com)
Katherine Lamondia-Wrinkle, Esquire/BBO #: 550554
(katherine@libboslaw.com)
LAW OFFICES OF THOMAS M. LIBBOS, P.C.
175 State Street, Suite 500
Springfield, MA 01103
Phone: (413) 731-5000
Fax: (413) 731-1985
Date: 2/14/14

# Exhibit 2

| **CIVIL ACTION COVER SHEET** | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY OF _Hampden_ | DOCKET NO. _____ |
|---|---|---|

| **PLAINTIFF(S)**<br>Jeffery Coleman, Elizabeth Coleman, Caitlyn Coleman, ppa Jeffery Coleman + Emma Coleman, Jeffery Coleman | **DEFENDANT(S)**<br>The Raymond Corporation |
|---|---|

| Plaintiff Atty _Thomas M. Libbos_ | Type Defendant's Attorney Name |
|---|---|
| Address _175 State St, St 500_ | Defendant Atty |
| City _Springfield_ State _MA_ Zip Code _01103_ | Address |
| | City _____ State _____ Zip Code _____ |
| Tel. _413-731-5000_  BBO# _299080_ | |

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| _B05_ | _Product Liability_ | _A_ | ☑ ] Yes   ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ........................................... $ _4,000.00_
   2. Total doctor expenses ............................................. $ _10,000.00_
   3. Total chiropractic expenses ...................................... $
   4. Total physical therapy expenses ................................. $
   5. Total other expenses (describe) ........................ $ _5,000.00_
                                                        Subtotal $ _20,000.00_
B. Documented lost wages and compensation to date ...................... $ _156,000 appx._
C. Documented property damages to date ................................. $
D. Reasonably anticipated future medical expenses ...................... $ _Undetermined_
E. Reasonably anticipated lost wages and compensation to date ......... $ _Undetermined_
F. Other documented items of damages (describe) ....................... $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Left Foot (hind) Fracture; complex regional pain syndrome; gait derangement + requiring use of assistive device for simple ambulation; 25% permanent lower extremity impairment - correlates with 10% whole person impairment.    Total $ _176,000.00_

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

| | TOTAL   $............... |
|---|---|

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

AI hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.°

Signature of Attorney of Record _____   Date: _2/14/14_
A.O.S.C. 3-2007

# Exhibit 3

# The Law Offices of Thomas M. Libbos, P.C.

Thomas M. Libbos
Katherine Lamondia-Wrinkle
Tricia Jacobs
F. Bruce Ferin
Paralegal



LibbosLaw.com

FEB 10 14

February 4, 2014

**Attention: Civil Clerk**
Hampden County Superior Court
50 State Street, P.O. Box 559
Springfield, MA 01102-0559

RE:   JEFFERY COLEMAN, ELIZABETH COLEMAN, CAITLIN COLEMAN, ppa JEFFERY
COLEMAN, and EMMA COLEMAN, ppa JEFFERY COLEMAN  v.  THE RAYMOND
CORPORATION

Dear Sir/Madam:

Enclosed please find the following documents for filing in regard to the above matter, along with a check in the amount of $1,000.00 to cover the filing fee and purchase of one (1) summons:

(XX)   **COMPLAINT AND DEMAND FOR JURY TRIAL**
(XX)   **CIVIL ACTION COVER SHEET**

Please file this complaint and mark the enclosed index card with the date filed and docket number, and then return it to me in the enclosed postage paid envelope, along with one (1) summons.

Thank you for your assistance in this matter.

Sincerely,
**Law Offices of Thomas M. Libbos, P.C.**

Donna L. Bisson,
Paralegal to Thomas M. Libbos, Esquire
and Katherine Lamondia-Wrinkle, Esquire
(Direct #: 413-731-5000 x24   Email:Donna@LibbosLaw.com)

\dlb
Enclosure
cc:   Attention: John L. Leshinski, Esquire
      The Raymond Corporation
      22 South Canal Street
      P.O. Box 130
      Greene, New York 13778-0130

Springfield Office | 175 State Street | Springfield, MA 01103 | p. 413.731.5000 | f. 413.731.1985
Pittsfield Office | 137 North Street, Room 202 | Pittsfield, MA 01201 | p. 413.442.3700 | f. 413.443.1728

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on this 4th day of March, 2014.

**THE RAYMOND CORPORATION**
By its attorneys,

*/s/ Kevin D. McElaney*
Kevin D. McElaney/BBO#546460
John F. Brosnan/BBO#556678
O'Malley and Harvey, LLP
155 Federal Street, 12th Floor
Boston, MA  02110-1735
TEL:  (617) 357-5544
FAX:  (617) 204-3477
kdm@omalleyharvey.com
jbrosnan@omalleyharvey.com